## WARDLAW v. HAMMOND, administrator.

1. Where an administrator sought specific performance, alleging that his intestate had contracted for the purchase of two lots constituting the northern half of a certain tract of land, that the defendant (a son of the intestate) had purchased from the same owner two lots constituting the southern half of the same tract (all of which belonged to the same owner), and had taken a deed conveying the entire tract, including the four lots referred to, to his mother and himself jointly, and that after the date of the deed he had recognized the mother's right and title to the two northern lots and agreed to convey the same to her, the petition was not demurrable on the ground that the grantor in the deed to the defendant was not a party to the petition, and that he was a necessary party.

2. The evidence authorized the auditor's findings upon the issues of fact involved in the case.

APRIL 10, 1917.

Exceptions to auditor's report.  Before Judge Wright.  Walker superior court.  August 23, 1916.

Hammond, administrator of M. C. Wardlaw, instituted an equitable proceeding against P. C. Wardlaw, alleging, that the plaintiff's intestate and the defendant together purchased from one Warthen a certain tract of land consisting of four small lots, referred to as two "north lots" and two "south lots;" that in consummating the purchase P. C. Wardlaw acted for himself and mother, M. C. Wardlaw, and took a deed to the tract in the name of himself and mother jointly, but it was the intention and understanding of the purchasers that M. C. Wardlaw was to have the two north lots and P. C. Wardlaw the two south lots, and after the deed was executed P. C. Wardlaw recognized his mother's right and title to the two north lots; that in pursuance of this understanding M. C. Wardlaw made improvements of the value of $2,000 on the two north lots, and made her residence thereon, but P. C. Wardlaw made no improvements on the two south lots; and that the legal title to the whole tract is now in the estate of M. C. Wardlaw and P. C. Wardlaw jointly.  The prayers of the petition are, that the title to the two north lots be decreed to be in the estate of M. C. Wardlaw, and the title to the two south lots be decreed to be in P. C. Wardlaw, and that plaintiff and defendant be required to execute the necessary quitclaim deeds to make such decree effectual.  P. C. Wardlaw demurred to the petition, on the ground that, this being a proceeding to cancel a deed, the grantor

was a necessary party to the proceeding. This demurrer was overruled by the auditor to whom the case was referred by the judge. Upon the hearing the auditor found in favor of the prayers of the petition. Upon exceptions to the auditor's findings of fact and of law, the court sustained the findings, including the overruling of the demurrer; and the defendant excepted.

*F. W. Copeland,* for plaintiff in error.

*Shattuck & Shattuck* and *R. M. W. Glenn,* contra.

BECK, J. (After stating the facts.) We are of the opinion that the demurrer in this case was properly overruled. The petitioner is not seeking to have the deed from Warthen to P. C. Wardlaw and the plaintiff's intestate canceled. He is seeking specific performance at the hands of P. C. Wardlaw,—performance of a contract which is consistent with the deed of Warthen to the Wardlaws. If the administrator had prayed that the deed from Warthen be canceled, and that Warthen execute two deeds, one conveying to him as administrator of Mrs. M. C. Wardlaw the two northern lots and the two other lots to P. C. Wardlaw, then Warthen would be a necessary party; but he is not such as the case now stands.

The evidence authorized the auditor's findings of fact; and no material errors are shown in the exceptions to his report.

*Judgment affirmed. All the Justices concur.*